IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-192 (1) |
| | § | C.A. No. C-05-245 |
| RODOLFO TREVINO-GAMBOA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Rodolfo Trevino-Gamboa's ("Gamboa's") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 19),[1] which the Court deems filed as of May 5, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Gamboa's motion is subject to dismissal both because he waived his

---

[1] Dockets entries refer to the criminal case, C-03-cr-192.

[2] Although Gamboa's motion was received by the Clerk on May 11, 2005, it is dated May 5, 2005. Thus, May 5, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date.

1

right to file the claim he raises therein, and because his motion is not timely. For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Gamboa a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On June 19, 2003, Gamboa was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 4 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). On July 29, 2003, Gamboa pleaded guilty pursuant to a written plea agreement. (D.E. 8, 9). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 9).

The plea agreement contained a voluntary waiver of Gamboa's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States

> as set forth in Title 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 7)(emphasis in original).

The Court questioned Gamboa under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  According to the electronic recording of the rearraignment, after ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Gamboa regarding his waiver of the right to file a § 2255 motion:

> THE COURT: You'll also be giving up your right to challenge your conviction later by filing a federal writ of habeas corpus under Title 28 U.S.C. 2255.  That's a permissible procedure whereby defendants challenge their convictions on constitutional -- and their sentences -- and the constitutional procedures and practices that were used to obtain their convictions.  But your plea agreement gives up that right to challenge your sentence and your conviction later.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Digital Recording of 7/29/03 Rearraignment at 2:36-2:37).  It is clear from the foregoing that Gamboa's waiver was knowing and voluntary.  <u>See</u> Fed. R. Crim. P.

3

11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Gamboa on October 28, 2003 to 57 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 17, 18). Judgment of conviction and sentence was entered November 3, 2003. (D.E. 18). Consistent with his waiver of appellate rights, Gamboa did not appeal. Gamboa filed his § 2255 motion on May 5, 2005.

The sole claim he asserts therein is a claim pursuant to the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he claims that he was sentenced under guidelines that have since been ruled to be constitutional. He also asserts that the Court "should have taken into consideration" his cooperation to the United States government, because he fully debriefed. (D.E. 19 at 5).

### III.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

The period for Gamboa to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after November 3, 2003 is November 17, 2003. Gamboa's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on November 17, 2004. Gamboa's motion is deemed filed as of May 5, 2005. Thus, it was filed more than five months beyond the deadline.

Gamboa offers no explanation whatsoever for his delay in filing. Accordingly, his motion is untimely and this Court does not have jurisdiction to consider it.

**B.   Timeliness of Booker claim**

The sole claim raised by Gamboa relies on the Supreme Court's decision in Blakely, subsequently extended to the federal guidelines in Booker. If Booker applies retroactively

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

to cases on collateral review, then his Booker claim is arguably timely under § 2255(3). See supra note 3.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Third, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, __ F.3d __, 2005 WL 1155220 (3d Cir. May 17, 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.[4]

---

[4] Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts, holding that Booker does apply retroactively.

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Gamboa's conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. His Booker claim and his motion are barred by the applicable statute of limitations.

## C.   Waiver of § 2255 Rights

Even if it were timely, moreover, Gamboa's motion would fail for an entirely independent reason. Specifically, he waived his right to file any § 2255 motions. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, __ F.3d __, 2005 WL 887153 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Gamboa challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[5]

It is clear from the rearraignment recording that Gamboa understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001)(citing Blackledge v.

---

[5]   Gamboa does not assert an ineffective assistance of counsel claim on any ground.

Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Gamboa's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court and is therefore DISMISSED.

### D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  Although Gamboa has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Gamboa has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is untimely and that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Gamboa's motion under 28 U.S.C. § 2255 (D.E.19) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 31st day of May 2005.

_____
HAYDEN HEAD
CHIEF JUDGE